```
            UNITED STATES DISTRICT COURT
          FOR THE DISTRICT OF MASSACHUSETTS
```

BRUCE WILSON and                      )
EMINENT ENERGY PROMOTIONS,            )
Plaintiffs                            )
                                      )
                    v.                ) C.A. NO. 05-30067-MAP
                                      )
BARBARA BARRA, PAUL O'DONNELL,        )
and LEE HECHT HARRISON,               )
Defendants                            )


## MEMORANDUM AND ORDER REGARDING DEFENDANTS' MOTION TO DISMISS
(Docket No. 6)

September 2, 2005

PONSOR, D.J.

### I. INTRODUCTION

Viewing the facts and argument of this pro se complaint as favorably as possible to the plaintiff, this appears to be an action for breach of contract.[1] The defendants have moved for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. The court finds that it lacks subject matter jurisdiction, as discussed below, and will allow the motion for that reason.

### II. FACTUAL BACKGROUND

---

[1] A reference is made to 42 U.S.C. § 1983 under the complaint's "Jurisdiction" header, but no cognizable claim can be inferred from the facts, nor is one designated by the plaintiff.

The facts of this case appear to be as follows:

The plaintiff, Bruce Wilson, had been employed in some capacity by General Reinsurance Corporation ("Gen Re") -- which is not a party to the present action -- until September 8, 2004, when, pursuant to an Agreement of General Release, his employment ceased.  As part of this agreement, Wilson was to receive "Outplacement Assistance" from Lee Hecht Harrison ("Lee Hecht") for a period of twelve months commencing on November 15, 2004.  Docket No. 1, Exhibit 2.

The relationship between Wilson and Lee Hecht deteriorated, and, on February 24, 2005, Gen Re notified Wilson that it would pay him a lump sum amount -- equivalent to the value of the twelve-month contract for services with Lee Hecht -- in lieu of additional outplacement services. Accompanying this notification, Gen Re sent an Amendment to Agreement and General Release which, <u>inter</u> <u>alia</u>, stated that any payment would be made "less appropriate taxes and deductions."  Docket No. 1, Exhibit 3.[2]  Notwithstanding a clear and explicit statement that "any modifications, material or otherwise made to the agreement and general release do not affect in any manner the parties' obligations under general agreement and general release," Wilson signed

---

[2] The Amendment also included a general release of claim for Lee Hecht Harrison and its employees, officers, directors or agents.

the amendment on February 28, 2005, but added several hand-written notes which, if binding, would have materially altered the amendment.

On or about March 2, 2005, Gen Re sent Wilson a check in the amount of $6,302.42. This represented the original contract value to Lee Hecht of $12,500, "less appropriate taxes and deduction."[3] Wilson objected to the withholdings and deductions and sought to have the full $12,500 be paid to him. Failing to resolve his dispute with his former employer, Gen Re, over the deductions made to the payment, plaintiff has filed this pro se lawsuit on behalf of himself personally, and also for an apparent corporate entity known as Eminent Energy Promotions[4], against Lee Hecht and two of its employees. The lawsuit explicitly omits Gen Re.

### III. DISCUSSION

As a preliminary matter, in filing his pro se complaint, the plaintiff has named a corporate plaintiff as party to the lawsuit. It is well settled that an individual who is not an attorney may appear before a court only on his own

---

[3] Federal withholding - $700.00; Social Security - $775.00; Medicare - $181.25; State withholding - $958.33; and a garnishment of $3583.00.

[4] No corporate disclosure statement has been filed on behalf of Eminent Energy Promotions in accordance with Fed. R. Civ. P. 7.1 and Local Rule 7.3, nor any averment made as to the nature of the entity.

behalf.  28 U.S.C. § 1654, see also <u>Devine v. Indian River County Sch. Bd.</u>, 121 F.3d 576, 581 (11th Cir. 1997), <u>cert den.</u> 522 US 1110 (1998).  It is a well established rule that this right of self-representation extends only to the individual.  As the Court of Appeals held in <u>In re Las Colinas Dev. Corp.</u>, 585 F.2d 7, 13 (1st Cir. 1978), corporations have taken on a pervasive role in our society and may be regarded at times in some respects as "persons," yet "[o]ne of the time-hallowed restrictions on corporations has been that, in court proceedings, they must be represented by a licensed attorney."  The plaintiff, therefore, is not permitted to represent the interests of Eminent Energy Promotions before this court, and the court will only address the properly filed <u>pro se</u> claim on behalf of plaintiff Wilson personally.

   Turning to the details of the complaint, while the plaintiff makes reference to § 1983, there is nothing within the facts averred or arguments posited to support jurisdiction based on that section.  Certainly, the complaint offers no facts suggesting any actionable conduct by an officer of the state.  Therefore, there is no federal question jurisdiction, under 28 U.S.C. § 1331, and the only way for this case properly to be before this court is if the diversity and amount in controversy requirements of 28

4

U.S.C. § 1332 are met.

Clearly there is complete diversity of citizenship: the plaintiff is a citizen of Massachusetts and the defendants are all alleged to be citizens of New Jersey. The salient issue is whether the amount in controversy exceeds the $75,000 requirement.

Because the complaint lacks a specifically stated cause of action, the court must determine, based on a thorough reading of its contents, what claim the plaintiff here alleges. He has asked for relief in the amount of $12,500, which represents the total value of the professional service contract between Gen Re and Lee Hecht. So as best as the court can discern, as stated above, this is properly a claim for breach of contract.[5]

To meet the amount in controversy requirement, the plaintiff has included a claim for $75,000 in punitive damages. While punitive damages may be considered along with actual damages in determining jurisdictional amount,

---

[5] It is worth noting here that, based on the facts thus far presented, it would appear that the claim is being brought against the wrong parties, or at a minimum the complaint lacks inclusion of a necessary party. Both the Agreement and General Release and its Amendment were executed by the plaintiff and Gen Re, his former employer. It was Gen Re, not Lee Hecht, that withheld or garnished the lump sum payment that was made to Wilson. However, because the court's analysis to determine the amount in controversy would be the same regardless of which company were named as defendant, it need not decide on the correctness of the plaintiff's choice of adversary.

each claim must be considered for its proper recoverability under the applicable state law. <u>Bell v. Preferred Life Assurance Society</u>, 320 U.S. 238, 240 (1948), <u>see</u> <u>also</u> <u>F.C.I. Realty Trust v. Aetna Casualty & Sur. Co.</u>, 906 F. Supp. 30, 32 (D. Mass. 1995).

As a general rule, in Massachusetts punitive damages are not recoverable for breach of contract causes of action. <u>DeRose v. Putnam Management Co., Inc.</u>, 398 Mass. 205, 212 (1986).  This Circuit has recognized "a recent trend to permit punitive damages in the contract setting in a narrow range of circumstances," but noted that "[t]his practice has been deemed appropriate when the breaching party acted with the state of mind which accompanies an intentional tort." <u>Ellenwood v. Exxon Shipping Co.</u>, 984 F.2d 1270, 1284 (1st. Cir. 1993).  The defendants' conduct here does not, based on the facts as presented, raise to the level necessary to support a claim in intentional tort.  Lee Hecht opted not to continue in its assistance with job placement for the plaintiff and refunded to his former employer the balance of the fee paid.

While apparently not included in his complaint, it is noteworthy that were the plaintiff to claim a violation of Mass. Gen. Laws. ch. 93A he would still not be able to meet the jurisdictional requirement.  Under 93A a plaintiff may

recover double or treble damages, which are viewed as a form of punitive damages. See F.C.I. Realty Trust, at 32. However in this case, the amount of actual damages claimed by the plaintiff is $12,500, the full value of the contract amount between Gen Re and Lee Hecht. Even were this amount proper,[6] and it were to be trebled according to 93A as punitive damages, it would be merely one-half of the threshold statutory requirement.

## IV.   CONCLUSION

Because there is no federal question at issue and the amount in controversy is not sufficient to meet the requirements of 28 U.S.C. § 1332, the court does not have subject matter jurisdiction over this lawsuit. The defendants' Motion to Dismiss is, therefore, ALLOWED. The case may now be closed.

It is So Ordered.

/s/ Michael A. Ponsor
MICHAEL A. PONSOR
U. S. District Judge

---

[6] Plaintiff has already received a check in the amount of $6,302.45. Therefore, his claim for the total value of the contract amount would seem to place into controversy the difference between what he has already received and what he believes he is entitled to, or $6197.55.